```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/14/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- X
OPPENHEIMER & CO. INC.,                          :
                                                 :    Civil Action No. 1:23-CV-04909-
                        Plaintiff,               :    JPC-JLC
                                                 :
        - against -                              :
                                                 :
HUB CYBER SECURITY (ISRAEL) LTD. a/k/a           :
HUB CYBER SECURITY LTD.,                         :
                                                 :
                        Defendant.               :
                                                 :
                                                 :
------------------------------------------------- X

## STIPULATION AND PROTECTIVE ORDER

WHEREAS, the parties to the above-titled action (the "Action") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties and by non-party witnesses in connection with the pre-trial phased of this Action:

1.      Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the party in information that is proprietary, a trade secret or otherwise sensitive non-public information, including to the extent that a party determines that a document or information contains proprietary, a trade secret or otherwise sensitive non-public information that a party has obtained from a third party ("Confidential Information"). Information and

documents designated by a party as confidential will be stamped "CONFIDENTIAL." A party may also designate such information and documents as confidential by transmittal letter or email.

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the Action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." If the parties cannot reach agreement as to documents to be designated as such, the party requesting such a designation shall seek resolution by the Court. Such documents or information shall be disclosed to attorneys or experts only until a determination as to the confidentiality designation has been agreed by the parties or determined by the Court.

5. All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. the requesting party and counsel, including in-house counsel, and the requesting party's employees necessary to assist in the litigation;

   b. employees of or consultants to such counsel assigned to and necessary to assist in the litigation;

   c. consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

      d. the Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6. Before disclosing or displaying the Confidential Information to any person, counsel must:

      a. inform the person of the confidential nature of the information or documents; and

      b. inform the person that this Court has enjoined the use of the information or documents by him/her/they for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

      c. require any person who falls within the scope of Paragraph 5(c) hereof to sign an agreement to be bound by this Order in the form attached as Exhibit A hereto, which agreement shall be maintained for the duration of the Action by counsel for the party making such disclosure.

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential.

9. Pursuant to Federal Rule of Civil Evidence 502, inadvertent disclosure of privileged or work-product protected document sor communications, electronically stored information ("ESI"), or other information, whether inadvertent or otherwise, shall not constitute a waiver of

the privilege or protection from discovery in this Action or any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

10. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal, including the Individual Rules of Practice of the Judges assigned to the Action.

11. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the inadvertently disclosed information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the inadvertently disclosed information, and provide a certification of counsel that all such information has been returned or destroyed.

12. Within five business days of the notification that such inadvertently disclosed information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the inadvertently disclosed Information.

13. As with any information redacted or withheld, the receiving party may move the Court for an Order compelling production of the inadvertently disclosed information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

14. The disclosing party retains the burden of establishing the privileged or protected nature of any unadvertently disclosed information. Nothing in this Order shall limit the right of any party to request an in camera review of the inadvertently disclosed information.

15.

At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.SO STIPULATED AND AGREED.

Dated: February 14, 2024

      New York, New York

| DUANE MORRIS LLP | PILLSBURY WINTHROP SHAW PITTMAN LLP |
|---|---|
|   |   |
| /s/ Walter A. Saurack | /s/ Ari Berman |
| By: Walter A. Saurack | By: Ari M. Berman |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 230 Park Avenue, Suite 1130 | 31 West 52nd Street |
| New York, New York 10160 | New York, New York 10019 |
| (212) 818-9200 | (212) 858-1000 |
| wasaurack@duanmorris.com | ari.berman@pillsburylaw.com |

SO ORDERED:

February 14, 2024
New York, NY

_____
JAMES L. COTT
United States Magistrate Judge

5

# EXHIBIT A

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| OPPENHEIMER & CO. INC., | |
| Plaintiff, | Civil Action No. 1:23-CV-04909 |
| - against - | |
| HUB CYBER SECURITY (ISRAEL) LTD. a/k/a HUB CYBER SECURITY LTD., | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**AGREEMENT**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above captioned matter have been designation as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated:

_____

Name:

Signed in the presence of:

_____

Attorney for_____